IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SUSAN J., <br><br>        Plaintiff, <br><br>        vs. <br><br>MARTIN O'MALLEY, <br>Commissioner of Social Security, <br><br>        Defendant. | Case No. 2:23-cv-00825 <br><br>**MEMORANDUM DECISION AFFIRMING DECISION OF COMMISSIONER** <br><br>**Magistrate Judge Dustin B. Pead** |

The parties in this case have consented to the undersigned conducting all proceedings.[1] Pursuant to 42 U.S.C. § 405(g), Plaintiff Susan J.[2] ("Plaintiff") seeks judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her claims for disability insurance benefits under Title II of the Social Security Act ("Act"). The ALJ who considered Plaintiff's application determined she did not qualify as disabled.[3] Plaintiff argues the ALJ erred by failing to incorporate her mental impairments in the residual functional capacity assessment and by failing to include the opinions of Dr. Tanya Colledge.[4]

After careful review of the record and parties' briefs,[5] the undersigned concludes the

---

[1] ECF No. 6, Notice of Consent; 28 U.S.C. § 636(c).

[2] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[3] (Certified Tr. of Admin. R. ("Tr.") 17-27; ECF No. 8-2).

[4] ECF No. 9, Plaintiff's Motion for Review of Social Security Agency Action.

[5] *Id.*; ECF No. 16, Commissioner's Response to Plaintiff's Motion for Review of Agency Action. Plaintiff did not file a Reply Brief and the time to do so has expired. *See* ECF No. 15, Order Granting Motion to Amend Administrative Appeal Scheduling Order.

Commissioner's decision is supported by substantial evidence. Accordingly, for the reasons discussed below, the court hereby AFFIRMS the decision of the Commissioner and DENIES Plaintiff's Motion for Review of Social Security Agency Action.[6]

## STANDARD OF REVIEW

Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code provide for judicial review of the Commissioner's final decision. Judicial review "is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."[7] "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is ground for reversal."[8]

An ALJ's factual findings are "conclusive if supported by substantial evidence."[9] The threshold for evidentiary sufficiency under the substantial evidence standard is "not high."[10] Substantial evidence is "more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[11] "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[12] Under this standard, the Court may neither

---

[6] ECF No. 9.

[7] *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (quotation and citation omitted).

[8] *Jensen v. Barnhart,* 436 F.3d 1163, 1165 (10th Cir. 2005).

[9] *Biestek v. Berryhill,* 139 S. Ct. 1148, 1153, 203 L. Ed. 2d 504, _ U.S. _ (2019)

[10] *Biestek*, 139 S. Ct. at 1154.

[11] *Noreja,* 952 F.3d at 1178 (quoting *Grogan v. Barnhart,* 399 F.3d 1257, 1261 (10th Cir. 2005)); *see also Biestek* 139 S. Ct. at 1154.

[12] *Lax v. Astrue,* 489 F. 3d 1080, 1084 (10th Cir. 2007) (internal quotation marks omitted).

2

reweigh the evidence nor substitute its judgment for that of the ALJ.[13]

## APPLICABLE LAW

Under the Act, "disability" is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which is expected to result in death or last for at least twelve consecutive months.[14] Any individual is considered disabled if her impairments are so severe that she cannot perform past work or "any other kind of substantial gainful work."[15]

In determining whether a claimant qualifies as disabled, the ALJ utilizes a five-step sequential evaluation to consider whether:

1) the claimant is engaged in substantial gainful activity;

2) she has a severe medically determinable physical or mental impairment;

3) the impairment is equivalent to an impairment precluding substantial gainful activity as listed in the appendix of the relevant disability regulation;

4) she has the residual functional capacity to perform past relevant work; and

5) she has the residual functional capacity to perform other work, considering her age, education and work experience.[16]

In the first four steps of the sequential evaluation it is claimant's burden to establish disability.[17] At step five, the burden shifts to the Commissioner to show that claimant retains the

---

[13] *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

[14] 42 U.S.C. § 1382c(a)(3)(A).

[15] *Id.* § 1382c(a)(3)(B).

[16] *See* 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert,* 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); *Williams v. Bowen,* 844 F. 2d 748, 750-51 (10th Cir. 1988).

[17] *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

ability to perform other work in the national economy.[18]

## PROCEDURAL HISTORY

Plaintiff applied for benefits on April 9, 2021, alleging disability beginning April 3, 2021.[19] After a January 12, 2023 hearing at which Plaintiff was represented by counsel,[20] Administrative Law Judge ("ALJ") issued a decision on February 9, 2023.[21] As set forth in the decision, the ALJ determined that Plaintiff was not disabled and denied an award of benefits.[22]

In reaching his decision the ALJ followed the Commissioner's five-step sequential evaluation process for disability claims.[23] At Step 2, the ALJ found that Plaintiff had the "severe" impairments of fibromyalgia, degenerative disc disease, arthritis of bilateral hands and osteoarthritis of the neck.[24] As particularly relevant here, the ALJ also concluded that Plaintiff's medically determinable mental impairment of major depressive disorder was non-severe.[25] As part of the "special technique" for evaluating mental impairments, the ALJ rated the "B criteria" and found that Plaintiff experienced mild limitations in all four areas.[26]

---

[18] *Id.*

[19] Tr. 155-157.

[20] Tr. 32-54.

[21] Tr. 17-27.

[22] *Id.*

[23] *Id.*; *see* 20 C.F.R. § 404.1520(a)(4) (outlining the process).

[24] Tr. 19-20.

[25] Tr. 20.

[26] Tr. 20-21; 20 C.F.R. § 404.1520a(d)(1); *L.B.G. v. Kijakazi,* 2022 U.S. Dist. LEXIS 166247 at *6 (D. Kan. Sept. 14, 2022) ("When plaintiff alleges (or the record contains evidence of) mental impairment, the ALJ must use the special technique often called 'paragraph B criteria' and document accordingly. The regulation requires the ALJ to evaluate whether the claimant has a medically determinable mental impairment.") (internal citations omitted).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal a per se disabling impairment.[27] Between Step 3 and Step 4, the ALJ assessed Plaintiff's Residual Functional Capacity ("RFC") and limited Plaintiff to light work with the ability to "lift and carry 20 pounds occasionally and 10 pounds frequently [and to] sit, stand, and walk for sic-hours our of an eight-hour workday."[28] The ALJ further determined that Plaintiff is:

> unable to climb ladders, ropes or scaffolds. She can occasionally climb ramps and stairs. She can occasionally bend, stoop, kneel, crouch, and crawl. She can frequently reach overhead. She can frequently handle with her bilaterally upper extremity. She can never be around hazardous [sic] such as sharp objects and moving mechanical parts.[29]

Next, at Step 4, because her past work did not involve any work-related activities that were precluded under the RFC, the ALJ concluded that Plaintiff was able to perform her past relevant work as a Small Parts Assembler.[30] Based thereon, the ALJ determined that Plaintiff was not disabled under the Act from April 3, 2021, the disability onset date, through the date of the decision.[31]

## **ANALYSIS**

Plaintiff argues the ALJ erred by failing to include limitations related to her mental impairments in the RFC.[32] More specifically, Plaintiff contends the RFC failed to include limitations favorable to her as offered in the opinion of Dr. Tanya Colledge.[33] The Court

---

[27] Tr. 21-22; 20 C.F.R. Part 404, Subpart P, Appendix 1 (the Listings).

[28] Tr. 22.

[29] *Id.*

[30] Tr. 25.

[31] Tr. 26-27.

[32] ECF No. 9 at 4 ("Thus, it is important that the ALJ properly evaluated Plaintiff's major depressive disorder despite his non-severity finding.").

[33] *Id.*

addresses Plaintiffs' claims and, for the reasons discussed herein, finds the ALJ's findings are supported by substantial evidence and affirms the Commissioner's decision.

### A. The RFC Is Supported By Substantial Evidence and Additional Function Limitations Are Not Warranted.

Plaintiff argues the ALJ failed to adequately consider her mental health impairments when assessing her RFC.[34] Plaintiff acknowledges her mental impairments were non-severe;[35] rather, she contends that despite a finding of non-severity the ALJ failed to account for her mental health impairments.[36]

It is well-settled that the ALJ is required to assess the RFC based on all relevant evidence and must consider both severe and non-severe impairments.[37] Further, the Commissioner's procedures "do not permit the ALJ to simply rely on his finding of non-severity as a substitute for a proper RFC analysis."[38] Here, when formulating the RFC, the ALJ confirmed his consideration of all of Plaintiff's symptoms[39] and addressed the mental impairment opinions of

---

[34] The RFC is the most an individual can do in the workplace despite their medical impairments. *See* 20 C.F.R. § 404.1545; *see also Young v. Barnhart,* 146 F. Appx. 952, 055 (10th Cir. 2005).

[35] *See* Tr. 21 ("The claimant's medically determinable mental impairments of major depressive disorder, considered singly and in combination, do cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore non-severe"). Plaintiff does not contend her mental impairments were severe or argue that the ALJ erred at Step two.

[36] ECF No. 9 at 6.

[37] SSR 96-8p, 1996 SSR LEXIS 5 at *14; *see also* 20 C.F.R. § 404.1545(a)(2); *Tina H. v. O'Malley,* 2024 U.S. Dist. LEXIS 5331 at *6 (D. Utah Jan. 9, 2024) ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe'"); *Wells v. Colvin,* 727 F. 3d 1061, 1064 (10th Cir. 2013) ("even if the ALJ determines that a claimant's medically determinable mental impairments are 'not severe,' he must further consider and discuss them as part of his residual functional capacity (RFC) analysis at step four").

[38] *Wells,* 727 F.3d at 1065.

[39] Tr. 22 ("After careful consideration of the entire record"); *id.* ("In making this finding, I have

state agency consultants Dr. Charles Raps and Dr. Lois Huebner, and of psychologist Dr. Tanya Colledge.[40]

At Step 2, the ALJ assessed Plaintiff's major depressive disorder in connection with the four broad areas of mental functioning (*i.e.* understanding, remembering or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself),[41] and determined that Plaintiff had "no more than 'mild' limitation in any of the functional areas" and in her ability to do basic work activities.[42] In reaching this conclusion, the ALJ analyzed each functional area and compared Plaintiff's claims with her stable and relatively normal examination findings, her reported activities of daily living and Plaintiff's own admissions of functionality.[43] The paragraph B criteria, however, are not an RFC assessment and a conclusion that Plaintiff's mental impairments are non-severe "does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five."[44] Although the criteria is used to rate the severity of mental impairments at Steps 2 and 3,[45] the mental RFC assessment used at steps 4 and 5 of the sequential evaluation process "requires a more detailed assessment. . . ."[46]

---

considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence").

[40] *Id.*

[41] Tr. 20.

[42] Tr. 20-21; 20 C.F.R. § 404.1520a(d)(1).

[43] 20 C.F.R., Part 404, Subpart P, Appendix 1.

[44] *Wells,* 727 at 1068-69; SSR 96-8p, 1996 SSR LEXIS 5 at *13.

[45] *Id.*

[46] *Id.* (stating the criteria used at steps two and three of the analysis to evaluate mental impairments are "not an RFC assessment," and that "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions

Here, setting aside the Step 2 evaluation, the ALJ also separately discusses Plaintiff's mental functioning in the medical opinion portion of his RFC analysis.[47] While hardly systematic, the court finds the discussion sufficient to fulfill the ALJ's duty at Step 4. Specifically, the ALJ discussed state agency psychological consultants Dr. Charles Raps and Dr. Lois Huebner's opinions that Plaintiff's mental disorders were non-severe and confirmed the opinions were consistent with the objective medical evidence of record. The ALJ also pointed to objective evidence from Plaintiff's September 2021 psychological consultative examination with Dr. Tanya Colledge showing Plaintiff was alert and oriented, had adequate attention and concentration and did well on mental status tasks with no impairment in memory, reasoning, judgment or insight.[48] The ALJ found Dr. Colledge's opinion persuasive, consistent with objective findings and supported by mental status examinations.

The ALJ considered and discussed Plaintiff's non-severe mental impairments when assessing the RFC and did not merely rely upon his Step 2 findings. As a result, the RFC is supported by substantial evidence.[49]

---

contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form]."); *Sharon J. v. Comm'r of Soc. Sec.,* 2024 U.S. Dist. LEXIS 24371 at *10 (W.D.N.Y. Feb. 12, 2024) ("Notably, the special technique used to assess to severity of a mental impairment at step two is not an RFC assessment, and is distinct from the RFC finding.") (internal quotation and citation omitted).

[47] Tr. 24.

[48] *Id.*; *see e.g.* Tr. 531; Tr. 541. "Objective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms. . . ." SSR 16-3p, 2017 WL 5180304 at *5; *see* 20 C.F.R. § 404.1529(c)(4) ("We will evaluate your statement in relation to the objective medical evidence").

[49] Tr. 24; Tr. 20-21 ("Notably, there is no evidence supporting that the claimant's mental condition would have a significant impact on her ability to understand and apply information.") ; Tr. 24; *Webb v. Comm'r Soc. Sec. Admin.,* 750 F. App'x 718, 721 (10th Cir. 2018) (ALJ summarized relevant

8

    **B.    The ALJ Properly Evaluated The Opinions of Record, Including the Opinion of Dr. Colledge.**

The ALJ found Dr. Colledge's opinion "persuasive".[50] Yet despite finding the opinion persuasive, Plaintiff argues the ALJ failed to include Dr. Colledge's mental limitations in the RFC. The court disagrees.

Dr. Colledge examined Plaintiff in September 2021 and diagnosed her with depression.[51] Under the "Functional Assessment," Dr. Colledge discussed Plaintiff's self-reported symptoms and activities of daily living, stating:

> In terms of employment, [Plaintiff] appears capable of completing some
> Basic work tasks. At present, [Plaintiff] is reporting that her physical health
> Symptoms and her mental health symptoms are impeding her ability to work.
> She presents with some impairment in her capacity to tolerate work stress.
> She indicated that she struggles to accomplish a lot of physical tasks, because
> of her pain, and she also has motivation issues that can contribute to difficult
> with keeping a consistent work schedule. She reported that she just never knows
> how she is going to feel each day. However, she does appear capable of
> remembering and carrying out simple as well as complex instructions.

The ALJ found Dr. Colledge's opinions regarding Plaintiff's ability to remember and carry out instructions to be persuasive and discussed the supportability and consistency of those opinions.[52] Irrespective of that discussion, Plaintiff asserts that the ALJ failed to include all of Dr. Colledge's opined limitations in her RFC including the statements that Plaintiff had "some impairment in her capacity to tolerate work stress" and had "motivation issues that [could] contribute to difficulty with keeping a consistent work schedule."[53] In raising this argument,

---

evidence earlier in the decision and was not required to repeat that summary).

    [50] Tr. 25.

    [51] Tr. 529-33.

    [52] Tr. 24 (citing Tr. 529-34).

    [53] ECF No. 9 at 6.

Plaintiff does not identify any specific functional limitations that should have been included in the RFC or direct the court to any evidence supporting or warranting such limitations.

Under the revised rules for evaluation of medical evidence, not every medical source statement is a "medical opinion."[54] Rather, "[a] medical opinion is a statement from a medical source about what [a claimant] can still do despite [her] impairment(s) and whether [she has] one or more impairment—related limitations or restrictions in the following abilities: . . . [her] ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting."[55] In turn, the revised rules differentiate between medical opinions and subjective symptom statements concluding it is "not appropriate to categorize symptoms as medical opinions because they are subjective statements made by the individual, not by a medical source, about his or her condition."[56]

As mentioned, Dr. Colledge discussed Plaintiff's subjective complaints, including claims that her mental symptoms impeded her work.[57] In considering the report, the ALJ was not required to evaluate Dr. Colledge's statements about Plaintiff's work stress and motivational issues as "medical opinions." Rather, because the statements were simply Dr. Colledge's

---

[54] *See Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5,844 (Jan. 18, 2017), *amended in* 82 Fed. Reg. 15,132 (Mar. 27, 2017); *Zhu v. Comm'r, SSA,* 2021 WL 2794533 at *5-6 (10th Cir. July 6, 2021) (applying new rules). The new regulations were "adopted through notice and comment rulemaking procedures pursuant to the Commissioner's exceptionally broad rulemaking authority under the Act." 82 Fed. Reg. at 5860.

[55] 20 C.F.R. § 404.1513(a)(2)(ii).

[56] 82 Fed. Reg. at 5850; *see also* 20 C.F.R. § 404.1513(a)(2), (4).

[57] Tr. 532.

10

recitation of Plaintiff's own self-reported symptoms, they qualify as "other medical evidence."[58] Other medical evidence is defined as evidence from a medical source that is neither objective evidence nor medical opinion.[59] Here, in finding Dr. Colledge's opinion persuasive, the ALJ was not required to incorporate other medical evidence including limitations about work stress or time off.  Further, that portion of Dr. Colledge's statement in which she concludes that Plaintiff "appeared capable of remembering and carrying out simple, as well as complex instructions" does meet the definitional requirements of an opinion and, consistent therewith, the ALJ considered that opinion when assessing Plaintiff's mental impairments but determined not to include mental limitations in the RFC.[60]

The record poses no direct conflict to the ALJ's findings and Plaintiff fails to establish that her mental impairments caused limitations that significantly affected her ability to work. The state agency medical consultants found no severe mental impairments and Dr. Colledge's opinion suggests Plaintiff could perform complex works. Accordingly, the ALJ reasonably accounted for Dr. Colledge's opinion and substantial evidence supports the ALJ's findings.

---

[58] 20 C.F.R. § 404.1513(a)(3).

[59] *Id.*; *see also Tara B. v. O'Malley,* 2024 U.S. Dist. LEXIS 51785 at *13 (Dr. Colledge's recitation of Plaintiff's self-reported limitations qualified as "other medical evidence"); Tr. 533.
20 C.F.R. § 404.1513(a)(3)

[60] 20 C.F.R. § 404.1520c.; Tr. 532-33.

## CONCLUSION

For the reasons discussed above, the Court AFFIRMS the Commissioner's decision denying Plaintiff's claim for disability benefits and DENIES Plaintiff's Motion for Review of Social Security Agency Action.[61]

Dated this 9th day of July, 2024.

Dustin B. Pead, U.S. Magistrate Judge

---

[61] ECF No. 9, Plaintiff's Motion for Review of Social Security Agency Action.